UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TRACEY B.,

              Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

_____

**DECISION AND ORDER**

1:23-CV-00531 EAW

## INTRODUCTION

Represented by counsel, plaintiff Tracey B. ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her application for disability insurance benefits ("DIB"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' cross motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. 8; Dkt. 13) and Plaintiff's reply (Dkt. 14). For the reasons discussed below, the Commissioner's motion (Dkt. 13) is granted and Plaintiff's motion (Dkt. 8) is denied.

**BACKGROUND**

Plaintiff protectively filed her application for DIB on February 11, 2020. (Dkt. 6 at 24, 118).[1] Plaintiff's application was initially denied on June 1, 2020. (*Id.* at 138-41). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Bryce Baird on November 23, 2021. (*Id.* at 39-74). On March 2, 2022, the ALJ issued an unfavorable decision. (*Id.* at 21-38). Plaintiff requested Appeals Council review; her request was denied on April 17, 2023, making the ALJ's determination the Commissioner's final decision. (*Id.* at 6-11). This action followed.

**LEGAL STANDARD**

I. **District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the

---

[1]     When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity

("RFC"), which is the ability to perform physical or mental work activities on a sustained

basis, notwithstanding limitations for the collective impairments.  *See id*. § 404.1520(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC

permits the claimant to perform the requirements of his or her past relevant work.  *Id*.

§ 404.1520(f).  If the claimant can perform such requirements, then he or she is not

disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the

burden shifts to the Commissioner to show that the claimant is not disabled.  *Id*.

§ 404.1520(g).  To do so, the Commissioner must present evidence to demonstrate that the

claimant "retains a residual functional capacity to perform alternative substantial gainful

work which exists in the national economy" in light of the claimant's age, education, and

work experience.  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted);

*see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.     The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step

sequential evaluation set forth in 20 C.F.R. § 404.1520.  Initially, the ALJ determined that

Plaintiff last met the insured status requirements of the Act on December 31, 2017.  (Dkt.

6 at 26).  At step one, the ALJ determined that Plaintiff had not engaged in substantial

gainful work activity from April 1, 2017, the alleged onset date, through the date last

insured.  (*Id.*).

At step two, the ALJ found that, through the date last insured, Plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar spine and degenerative disc disease of the cervical spine.  (*Id.*).  The ALJ also found that Plaintiff suffered from the non-severe impairment of right shoulder impairment.  (*Id.* at 27).

At step three, the ALJ found that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing.  (*Id.* at 27-28).  In particular, the ALJ considered the requirements of Listing 1.15 in reaching his conclusion.  (*Id.*).

Before proceeding to step four, the ALJ determined that, through the date last insured, Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations:

> [Plaintiff] can sit for six hours in an eight hour workday; stand and walk for six hours in an eight hour workday; and occasionally reach overhead with the right upper extremity.

(*Id.* at 28).  At step four, the ALJ determined that, through the date last insured, Plaintiff was unable to perform any past relevant work.  (*Id.* at 31).

At step five, the ALJ relied on the testimony of a vocational expert to find that, through the date last insured and considering her age, education, work experience, and RFC, Plaintiff was capable of performing jobs existing in significant numbers in the national economy, including the representative occupations of personal attendant and companion. (*Id*. at 32-33).  Accordingly, the ALJ found that, through the date last insured, Plaintiff was not disabled as defined in the Act.  (*Id.* at 33).

II.     **The Commissioner's Determination is Supported by Substantial Evidence and Free from Reversible Error**

Plaintiff asks the Court to reverse the Commissioner's decision and remand for further proceedings, arguing that the ALJ failed "to build an accurate and logical bridge between the evidence and his findings where he failed to reconcile his RFC finding with the mild to moderate limitation in prolonged walking included in [consultative examiner] Dr. [Hongbiao] Liu's 'persuasive' opinion." (Dkt. 8-1 at 1). The Court is not persuaded by this argument, for the reasons that follow.

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). Pursuant to the regulations applicable to Plaintiff's claim, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, when a medical source provides one or more medical opinions, the Commissioner will consider those medical opinions from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of the applicable sections. *Id.* Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, purpose and extent of the treatment relationship, and the examining relationship; (4) specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* at § 404.1520c(c).

The ALJ must articulate his consideration of the medical opinion evidence, including how persuasive he finds the medical opinions in the case record. *Id*. at § 404.1520c(b). Specifically, the ALJ must explain how he considered the "supportability" and "consistency" factors for a medical source's opinion. 20 C.F.R. § 404.1520c(b)(2). The ALJ may—but is not required to—explain how he considered the remaining factors. *Id*.

"The ALJ is required to provide [a] rationale in the written decision sufficient to allow this Court to conduct an adequate review of [his] findings." *Poulson v. Berryhill*, No. 3:17-CV-485 (CFH), 2018 WL 2994390, at *12 (N.D.N.Y. June 14, 2018); *see Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (explaining that remand is appropriate when a reviewing court is "unable to fathom the ALJ's rationale in relation to the evidence in the record without further findings or clearer explanation for the decision" (quotations omitted)). But an ALJ "need not recite every piece of evidence that contributed to the decision, so long as the record permits [a reviewing court] to glean the rationale of an ALJ's decision." *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (quotation omitted).

The ALJ in this case found that Dr. Liu's opinion, in which he opined that Plaintiff had a "mild to moderate limitation for prolonged walking, bending, and kneeling" (Dkt. 6 at 589), was persuasive and "consistent with the performance of light exertional work" (*id*. at 29-30). Plaintiff argues that "the ability to stand and walk for six hours in an eight-hour workday appears to conflict with a mild to moderate limitation in prolonged walking" and that "[t]he ALJ's failure to explain his reasoning for not interpreting a conflict between six

hours of standing and walking and a mild to moderate limitation in prolonged walking warrants remand." (Dkt. 8-1 at 11).

"The Second Circuit and this Court have long held that the ability to perform light work is consistent with evidence of moderate limitations in prolonged standing and walking." *Sherry T. v. Comm'r of Soc. Sec.*, No. 1:21-CV-00977, 2023 WL 8030129, at *4 (W.D.N.Y. Nov. 20, 2023); *see, e.g., Henderson v. Saul*, 788 F. App'x. 86, 87 (2d Cir. 2019) (finding conclusion that the claimant could perform light work supported by substantial evidence in part because the "consultative examiner found that she had mild to moderate limitations for prolonged walking, bending, and kneeling"); *Tankisi v. Comm'r*, 521 F. App'x 29, 34 (2d Cir. 2013) (finding ALJ did not err in determining RFC for light work where consultative examiner opined that the claimant had a "mild to moderate limitation for . . . walking for a long distance"); *Cook v. Comm'r of Soc. Sec.*, No. 18-CV-0726MWP, 2020 WL 1139909, at *3 (W.D.N.Y. Mar. 9, 2020) ("The ALJ's RFC determination clearly incorporated the mild to moderate limitations opined by Liu for prolonged walking, bending, and kneeling which is demonstrated by the ALJ's determination to limit Cook to light work[.]" (internal quotations and citations omitted)). The ALJ did not commit reversible error by concluding that Dr. Liu's opinion was consistent with a limitation to light work.

In reply, Plaintiff acknowledges that mild to moderate limitations in prolonged walking are not "absolutely inconsistent with a finding for light work," but asserts that "the ALJ's reasons for finding that Plaintiff was capable of standing and walking for six hours in an eight-hour workday in spite of Dr. Liu's opinion [are] unclear, and remand for

clarification is warranted." (Dkt. 14 at 2).  The Court disagrees.  The ALJ explained in his

decision that Plaintiff's medical records from the relevant time period "consistently report

that she has presented for treatment in no acute distress and her physical exams report

benign musculoskeletal and neurological findings." (Dkt. 6 at 29).  The ALJ further noted

that while Plaintiff had an antalgic gait through June 2017, "she retained normal gait by

September 2017." (*Id.*).  The ALJ also explained that he found persuasive the opinions of

physicians Dr. J. Koenig and Dr. Gary Ehlert, who reviewed Plaintiff's medical records

and concluded that she was capable of standing and walking for about six hours in an eight-

hour workday.  (*Id.* at 30; *see id.* at 113, 127).  The Court has no difficulty gleaning the

basis for the ALJ's RFC finding from his decision.

In sum, Plaintiff has failed to demonstrate that the ALJ committed reversible error

in assessing Dr. Liu's opinion, nor has she demonstrated any other basis for reversal or

remand.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the

pleadings (Dkt. 13) is granted, and Plaintiff's motion for judgment on the pleadings (Dkt.

8) is denied.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:        November 15, 2024
              Rochester, New York